IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ULYSSES BRAXTON,

        Petitioner,

vs.                                                      Case No. 18-cv-0948-DRH

T.G. WERLICH,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his convictions pursuant to 18 U.S.C. § 924(c). (Doc. 4, p. 5); *United States v. Braxton*, 94-cr-068-CAB-3 (N.D. Ohio) ("criminal case").[1] The Petition was filed on April 13, 2018. (Doc. 1).

Before reviewing the Petition itself, a bit of housekeeping is in order. Petitioner filed this action on April 13, 2018, against Respondent United States of America. Three days later, the Court received two further Petitions from Braxton. Both came with letters indicating that Petitioner was trying to correct typos in his earlier submissions, specifically the use of the United States as the Respondent, and an unidentified typo. (Doc. 3) (Doc. 4). On May 11, 2018, Petitioner filed a motion reiterating that he had made a typo and asking the Court to consider his later-filed petition. As it appears that Petitioner wishes the Court to consider Doc.

---

[1] Petitioner is also referred to in the 6th Circuit as Ulysses Clements or Ulysses Braxton Clements.

3 (the cover letter with Doc. 3 indicates that it was the last Petition submitted), and the differences between the Petitions appear to be minor typos, the Court **GRANTS** Petitioner's motion, and will consider the last-filed Petition, which is docketed at Doc. 3. For clarity, the Clerk is **DIRECTED** to strike Docs. 1 and 4 at Petitioner's request.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner was tried in the Northern District of Ohio in 1994 based on his participation in a string of bank robberies. (Doc. 3, p. 6). He was convicted on 3 counts of robbery and 1 count of conspiracy to commit robbery. *Id*. Petitioner was sentenced to 135 months on these charges, and does not challenge these convictions in the present Petition. *Id*. Petitioner was also found guilty of 4 counts of violating 18 U.S.C. § 924(c), use of a firearm in the commission of a felony. *Id*. On these counts, Petitioner received sentences totaling 65 years. *Id*. Petitioner believes that his § 924(c) convictions are invalid pursuant to *Rosemond v. United States*, 134 S.Ct. 1240 (2014), and asks this Court to vacate his convictions on those 4 counts. *Id*. Petitioner argues that the savings clause

applies to permit him to use § 2241 to raise this claim. (Doc. 3, p. 5).

**Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has alleged that he has already filed at least 1 motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he

3

relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

In the Seventh Circuit, *Rosemond* is a retroactive case of statutory construction, but it only triggers the savings clause if a petitioner was completely foreclosed from making an actual knowledge argument at the time of his § 2255 petition. *Montana v. Cross*, 829 F.3d 775, 785 (7th Cir. 2016). In this case, that determination turns on when Petitioner filed his first § 2255 motion, and what the relevant law was in the Sixth Circuit, where Petitioner was convicted. As both of those matters are unclear on the current record, the Court finds that further briefing would be helpful. For that reason, T.G. Werlich is ordered to **RESPOND** to the Petition, to more fully develop this issue and any other issues he would like to raise.

### Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present.

4

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** Petitioner's Motion to Correct Typographic error is **GRANTED**. (Doc. 5). Docs. 1 and 4 are **STRICKEN** at Petitioner's request. The Petition at Doc. 3 is the operative Petition; the Response shall be filed to that document. The Clerk of Court is **DIRECTED** to terminate respondent "USA" and substitute "T.G. Werlich" in its place.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a) (2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.19 16:38:03
-05'00'

United States District Judge

5